UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80606-CIV-MARRA

MARK BRUEGGEMANN, on behalf of
themselves and all those similarly situated,

Plaintiff,

vs.

NCOA SELECT, INC., (d/b/a National
Cellular Owners Association);
and DOES 1 through 100, inclusive,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant NCOA Select, Inc.'s Motion to Dismiss Second Amended Complaint (DE 45). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background[1]

Plaintiff Mark Brueggemann ("Plaintiff"), a California resident, brings a class-action suit against Defendant NCOA Select, Inc. ("NCOA" "Defendant") for violations of the Florida Deceptive and Unfair Trade Practices Act pursuant to Florida Statutes § 501.201 (count one); Florida Service Warranty Act pursuant to Florida Statutes § § 634.435 and 634.403 (counts two and three) and unjust enrichment (count four). The allegations of the Second Amended Complaint ("SAC") are as follows:[2]

---

[1] The Court presumes familiarity with its prior Order.

[2] Plaintiff has also sued Does 1 through 100. These Defendants include "all companies, retailers, dealers and other entities who sold and/or promoted NCOA's cell insurance to the

On or about January 17, 2007, Plaintiff made an online purchase of a cellular telephone from the website Overstock.com ("Overstock"). As part of the purchase process, Overstock advertised a number of additional options and accessories, including an option for insurance. (SAC ¶¶ 13-14.) After clicking on the option for insurance, Plaintiff was informed that the phone would be "covered for repair or replacement with no deductible" and that covered incidents included "loss of the wireless device." At the same time, the "fine print" of the advertisement states that "negligence, water damage or loss" is not covered. (SAC ¶ 14.) Plaintiff paid $49.99 for the insurance plan and, after losing his cell phone, reported the loss. (SAC ¶¶ 15-16.) The claim was denied under the "loss, unexplained disappearance, negligent loss" exclusion. (SAC ¶ 17.)

Defendant moves to dismiss the SAC in its entirety. With respect to counts one and two, Defendant argues that Plaintiff is precluded from bringing any deceptive practices claims because Plaintiff has admitted that he never read any documents provided by Defendant. In addition, Defendant argues that the exhibits attached to the SAC defeat the claims of deceptive trade practices and unjust enrichment. With respect to count two, Defendant asserts that the claim involving a service warranty requires allegations of more than just a single incident. Defendant also asserts that the service warranty claims in counts two and three fail to allege facts sufficient to establish that Defendant is a service warranty association. Lastly, Defendant states that the unjust enrichment claim is barred because Plaintiff does not plead that he does not have an adequate legal remedy.

In response, Plaintiff states that Defendant's misleading advertisement was disseminated

---

public and collected revenue or premiums from the sale of such insurance." (SAC ¶¶ 6, 8.)

by Overstock, a third party, and that the Service Warranty Act prohibits an entity from causing, directly or indirectly, a misleading advertisement and that FDUTPA must be liberally construed to protect the consuming public.  In addition, Plaintiff points out that he has alleged that Defendant's practice of denying the claims of insureds is a standard operating practice of the company.  Plaintiff also points out that the $49.99 charge was segregated on his receipt and therefore fulfills the requirements necessary for a service warranty.

 II.  Legal Standard

 Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted).

 "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a

plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

   III.  Discussion

The Court begins by rejecting Defendant's contention that Plaintiff does not allege causation or injury because Plaintiff only observed Defendant's allegedly misleading advertising on Overstock's website, and not on Defendant's website.  According to Defendant, this admission precludes Plaintiff from bringing both a FDUTPA claim or a claim pursuant to Florida Statute § 634.436.  In support, Defendant relies upon Stefan v. Singer Island Condominiums, No. 08-80039-CIV, 2009 WL 426291 (S.D. Fla. Feb. 20, 2009).  Defendant notes that in Stefan, the Court held that the plaintiff did not allege that he relied on the allegedly misleading statement in signing the contract, which was fatal to the plaintiff's FDUTPA claim.  Id. at * 15.  The allegations in the instant case, however, do state that Plaintiff relied on the allegedly misleading statement but that the misleading statement was contained on Overstock's website.  (SAC ¶ 13.)  In Stefan, there was simply no allegation of reliance.

Furthermore, as pointed out by Plaintiff, the Service Warranty Act prohibits an entity from knowingly *causing*, directly *or indirectly*, an advertisement, with respect to a service warranty, that is untrue, deceptive or misleading.  Florida Statute § 634.436(2) (emphasis added).  Notably, Plaintiff has alleged that Defendant caused the misrepresentations upon which Plaintiff relied.  (SAC ¶ 49.)  Moreover, FDUTPA, which is to be "construed liberally," serves to protect the "consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Florida Statute § § 501.202(2), 501.204(1).  Under FDUTPA, conduct that violates other

4

consumer protection statutes may be pursued under that statute.  See Florida Statute § 501.203(3)(c).

The Court also rejects Defendant's argument that the exhibits to the SAC contradict and defeat the claims of deceptive trade practices in counts one and two, as well the unjust enrichment claim in count three.  Defendant notes that the underlying premise of Plaintiff's SAC is that the contract exclusions were misleading and hidden.  However, according to Defendant, the applicable exclusions were repeatedly spelled out in the documents as evidenced in the exhibits attached to SAC.  According to Defendant, if an attached exhibit negates the cause of action, the document controls as the basis for the motion to dismiss. (Mot. at 9.)   The problem with Defendant's argument, as aptly pointed out by Plaintiff, is that it requires the Court to make the determination at the pleading stage of the ultimate issue in this case; namely, whether Defendant's advertising actually deceives the consumer.  See Tuckish v. Pompano Motor Co., 337 F. Supp. 2d 1313, 1320 (S.D. Fla. 2004 (discussing the burden of the FDUTPA plaintiff); Shibata v. Lim, 133 F. Supp. 2d 1311, 1317 (M.D. Fla. 2000) (same).  At this stage in the proceeding, it is simply premature to determine whether the placement of the contractual exclusions at issue are misleading or deceptive based on their location on the website.  Notably, the parties do not disagree about the information contained in the exhibits.  Their disagreement concerns the weight that these exhibits should afforded.  That analysis is simply inappropriate on a motion to dismiss.  Clough Marketing Services, Inc. v. Main Line Corp,,1:07-CV-0173-RLV, 2007 WL 1430404, at * 9 (N.D. Ga. May 10, 2007) (improper to weigh evidence on a motion to dismiss); Sawinski v. Bill Currie Ford, Inc., 866 F. Supp. 1383, 1385 (M.D. Fla. 1994) ("in deciding a motion to dismiss, district court must consider legal sufficiency of complaint, not

5

weight of evidence which might be offered at trial").

Defendant also attempts to dismiss the deceptive trade practices claims by arguing that "it is impossible to treat these types of claims as class actions because the individualized questions predominate over common questions of law or fact and defeat the purpose of a class action." (Mot. at 12.) That argument, however, is best left for a motion to defeat class certification as opposed to a motion to dismiss. In fact, the cases cited by Defendant in support of this position all address motions for class certifications, and not motions to dismiss.[3]

Next, Defendant argues that Plaintiff fails to allege facts sufficient to establish that Defendant is a service warranty association because the statute requires that the charge for the service warranty be "segregated." Florida Statute § 634.401(13). In response, Plaintiff correctly points out that exhibit D to the SAC demonstrates that Plaintiff was separately charged for the warranty on his receipt. Presented with this evidence, Defendant counters in its reply memorandum that the charge was made to Overstock, not Defendant. However, the Court rejects this argument for the same reason it rejected Defendant's argument that Plaintiff did not establish causation or injury against Defendant because Plaintiff observed the allegedly misleading advertising on Overstock's website.

With respect to Defendant's contention that the unjust enrichment claim is barred because Plaintiff has not and cannot not plead that he has an adequate legal remedy, the Court will allow

---

[3] The Court also rejects Defendant's argument that count two must be dismissed because the SAC is devoid of any allegations that Defendant failed to properly investigate claims or denied claims "with such frequency as to indicate a general business practice" as required under Florida Statute § 634.436(5)(c). (Mot. at 11-12.) Paragraph 18 of the SAC alleges that Defendant summarily denies claims of the insureds as a "standard operating practice." See also Presuit Letter, Ex. G to the SAC.

Plaintiff leave to amend the SAC to add the allegation that no other adequate legal remedy exists and that the equitable claim was plead in the alternative to its legal claims. To the extent that Defendant advances the argument that Plaintiff cannot make such a claim because the FDUTPA claim provides Plaintiff with an adequate legal remedy, the Court notes that this argument ignores the basic tenet of alternative pleading under Rule 8(d)(2) of the Federal Rules of Civil Procedure.  Manicini Enterprises, Inc. v. American Exp. Co., 236 F.R.D. 695, 698-99 (S.D. Fla. 2006).  The motion to dismiss the unjust enrichment claim is granted, with leave to amend.

Lastly, the Court will reserve ruling on Defendant's arguments pertaining to the adequacy of the class action allegations.  Defendant may reassert these arguments at the class certification stage of the proceedings.[4]

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Second Amended Complaint (DE 45) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff is granted leave to amend the unjust enrichment claim.  Plaintiff shall file the third amended complaint within ten days of the date of entry of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of December, 2009.

KENNETH A. MARRA
United States District Judge

---

[4] Given that the Court's prior Order dismissed the declaratory judgment claim with leave to amend, and Plaintiff did not choose to amend this claim, the Court will strike the request for declaratory relief.